

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2007

# USA v. Hicks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1449

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hicks" (2007). *2007 Decisions*. Paper 1503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  06-1449

———————

UNITED STATES OF AMERICA

v.

WILLIAM HICKS,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 04-cr-00687-1)
District Judge: Hon. Mary Little Cooper

———————

Submitted under Third Circuit LAR 34.1(a)
on December 13, 2006

Before: SMITH and ROTH, <u>Circuit Judges</u>
YOHN*, <u>District Judge</u>

(Opinion Filed: March 8, 2007)

———————

O P I N I O N

———————

————————

*Honorable William H. Yohn, Jr., Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

**ROTH**, *Circuit Judge*:

William Hicks appeals his sentence of 77 months imprisonment imposed by the District Court for illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction to review his sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). For the reasons set forth below, we will affirm.

The sentence from which Hicks appeals stems from the events of May 18, 2004. On that evening, two police officers spotted Hicks standing outside a parked vehicle, face-to-face with an unidentified female. Alerted to the officers' approach, the female quickly fled and Hicks was observed placing a loaded .38 caliber revolver into the back seat of the vehicle. He was further observed discarding a clear plastic bag containing 9.28 grams of cocaine. Confronted by the officers, Hicks resisted arrest and a physical altercation ensued during which Hicks discarded another plastic bag containing 0.84 grams of marijuana along with a single edge razor blade. A search of his person revealed a small amount of suspected crack cocaine found in his pocket. Hicks was arrested on multiple state charges,[1] which were later dismissed. Hicks was subsequently charged by federal indictment with possession of a firearm by a convicted felon, in violation of 18

---

[1]These charges included unlawful possession of a weapon, a felon in possession of a weapon, aggravated assault on a police officer, obtaining and possessing a controlled dangerous substance, obtaining or possessing a controlled dangerous substance with intent to distribute, possession of a controlled dangerous substance with intent to distribute within 500 feet of a housing project, possession of marijuana, and resisting arrest.

U.S.C. § 922(g)(1).

On June 9, 2005, Hicks pled guilty to the indictment in the United States District Court for the District of New Jersey and a Presentence Investigation Report was prepared. It assessed a four-level enhancement of Hicks's offense level pursuant to U.S.S.G. § 2K2.1(b)(5)[2] because Hicks possessed the firearm in connection with another felony offense,[3] namely the distribution of illegal drugs. Hicks objected to, among other things, the four-level enhancement and a sentencing hearing was held on January 27, 2006. At the hearing, Hicks claimed that the felony offense upon which the enhancement was based must be proven beyond a reasonable doubt. He further maintained that even if a lesser standard of proof applied, there was insufficient evidence to warrant an enhancement under U.S.S.G. § 2K2.1(b)(5). The District Court ultimately dismissed his objections and found that Hicks was engaged in drug distribution activity at the time he was apprehended on May 18, 2004, and, thus, applied a four-level enhancement to his sentence. In doing so, the court first concluded that the preponderance of the evidence standard was the proper standard to apply in determining Hicks's sentence. Applying this

---

[2]Any reference to the United States Sentencing Guidelines refers to the November 1, 2005 edition, as that is the edition used by the District Court in calculating Hicks's sentence.

[3]Specifically, U.S.S.G. § 2K2.1(b)(5) requires a four-level increase of the defendant's offense level if he used or possessed the firearm "in connection with another felony offense..." Application note 4 to U.S.S.G. § 2K2.1(b)(5) explains that the four-level enhancement for using the firearm in connection with another felony offense may be assessed "whether or not a criminal charge was brought, or conviction obtained." U.S. Sentencing Guidelines Manual 2K2.1(b)(5) cmt. n. 4.

standard, the court explained that the circumstances surrounding the events of that night point strongly to drug distribution activity, warranting a four-level enhancement. In this regard, the court did not limit its ruling to the quantity of cocaine found at the scene but inferred that additional drug distribution activity occurred prior to the arrival of the officers, given the presence and subsequent flight of the unidentified female. Applying the four-level enhancement, the District Court sentenced Hicks to 77 months in prison,[4] as well as 3 years of supervised release and a $500 fine.

Hicks timely appealed his sentence. On appeal, Hicks raises similar arguments to those he raised at the sentencing hearing. First, Hicks claims that the District Court's application of the preponderance of the evidence standard in assessing the four-level guideline enhancement was a violation of his Fifth Amendment right to due process. In that regard, he asserts that the Due Process Clause requires facts relevant to enhancements under the United States Sentencing Guidelines, particularly those that constitute a separate offense under governing law, to be proven beyond a reasonable doubt.

We review claims of legal error de novo, *United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005), and conclude that the preponderance of the evidence standard is the proper standard to apply in this instance. This Court has recently settled this issue in

---

[4]Hicks's sentence was calculated as follows: Hicks's offense produced a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) with a four-level enhancement assessed under U.S.S.G. § 2K2.1(b)(5) and a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). This resulted in a total offense level of 21. The court calculated a criminal history category of six under the guidelines, which resulted in a guidelines range of 77-96 months incarceration. See U.S. Sentencing Guidelines Manual, ch. 5, pt. A.

*United States v. Grier*, No. 05-1698, 2007 WL 315102 (3d Cir. Feb. 5, 2007), where we held that "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." *Id.* at *6. Therefore, the District Court's finding by a preponderance of the evidence that Hicks possessed a firearm in connection with drug distribution activity does not violate his Fifth Amendment right to due process.

Next, Hicks claims that the District Court erred in assessing a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because there was insufficient evidence under the preponderance of the evidence standard to conclude that Hicks was engaged in drug distribution activity. In support of his contention, Hicks maintains that the drugs recovered on the night of his arrest were for personal use and he was not attempting to distribute them to the unidentified female with whom he was conversing. Furthermore, he maintains that neither the vehicle nor the firearm belonged to him and that he never used or displayed the firearm during his conversation with the female or during his encounter with the police. Thus, he claims that the four-level enhancement was assessed in error.

We review factual findings relevant to the Guidelines for clear error. See *United States v. Grier*, No. 05-1698, 2007 WL 315102, at *2 (3d Cir. Feb. 5, 2007). A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). We find that the District Court's application of the four-level enhancement

under U.S.S.G. § 2K2.1(b)(5) was not clearly erroneous. For the enhancement to apply, the Government has the burden of proving by a preponderance of the evidence that the defendant possessed "any firearm or ammunition in connection with another felony offense..." In determining whether the Government has met its burden, district courts "routinely, and permissibly, draw inferences" from the circumstances. *United States v. Loney*, 219 F.3d 281, 288 (3d Cir. 2000). Based on the record, we find that it was reasonable for the court to infer from the circumstances surrounding Hicks's arrest that he was engaged in drug distribution activity. Furthermore, we conclude that there existed a sufficient relationship between the firearm and the drug activity to justify a four-level enhancement under U.S.S.G. § 2K2.1(b)(5).

Because the standard used by the District Court was proper and its factual determinations were not clearly erroneous, we will affirm the judgment of sentence of the District Court.